# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ABDULKADIR H. MOHAMED<br>Debtor.<br><br>SHARON V. DOUGLAS,<br>        Appellant,<br><br>v.<br><br>CYNTHIA A. NIKLAS<br>        Appellee. | Civil Action No. 14-413 (JDB)<br>Bankruptcy No. 13-641 |

## MEMORANDUM OPINION

Appellant Sharon V. Douglas appeals the bankruptcy court's decision to dismiss the bankruptcy petition of Debtor Abdulkadir H. Mohamed. Mohamed's petition was dismissed because the court found that he had failed to file the necessary tax returns prior to the meeting of creditors as required by 11 U.S.C. §§ 1307, 1308. Douglas was not a party to the bankruptcy proceedings and is not Mohamed's legal counsel, but she asserts that she acts on Mohamed's behalf. Appellee Cynthia A. Niklas, the United States Trustee assigned to Mohamed's bankruptcy petition, has now filed [7] a motion to dismiss this appeal. The Court will grant Niklas' motion to dismiss because Douglas is not licensed to represent Mohamed, because Douglas has failed to timely file a brief in support of her appeal or a response to Niklas' motion to dismiss, and because the bankruptcy court properly dismissed Mohamed's bankruptcy petition.

## BACKGROUND

Mohamed filed for bankruptcy in October 2013. At the December 9, 2013 meeting of creditors, Mohamed appeared and testified that he had failed to file federal and state income tax

1

returns for 2011. See Notice of Meeting of Creditors; Trustee's Am. Mot. to Dismiss [Bankr. Ct. ECF No. 53] at ¶ 6. Thereafter, Niklas, in her capacity as the United States Trustee assigned to Mohamed's petition, filed a motion to dismiss Mohamed's petition because Mohamed had not fulfilled the requirements necessary for bankruptcy eligibility. Niklas' motion stated in relevant part:

> Based on the debtor's testimony that he has failed to file Federal and state income tax returns for calendar year 2011, the Trustee contends that the debtor has failed to comply with 11 U.S.C. § 1308(a) by failing to file not later than the day before the first date scheduled for the § 341 Meeting of Creditors, or to date, all required tax returns for all taxable periods [] during the 4-year period ending on the petition date. Pursuant to 11 U.S.C. § 1307(e), dismissal is mandatory.

Trustee's Am. Mot. to Dismiss at ¶ 6. Niklas also moved to dismiss because "[t]he debtor's failure to file complete and accurate schedules constitutes bad faith," id. ¶ 4, and because "[t]he debtor failed to file a confirmable plan based on proofs of claims filed to date and unscheduled claims," id. ¶ 5. Niklas noted, too, that Douglas had been present in the courtroom for the meeting of creditors and that Douglas had "prepared written answers to the Declaration Under Penalty of Perjury for Debtor Without an Attorney for debtor's signature only and assisted the debtor in the preparation and filing of petition and schedules." Id. at ¶ 8. Niklas reported that Douglas had previously filed three separate bankruptcy petitions, all which had been dismissed with prejudice based on ineligibility and bad faith. Id. In response to Niklas' motion to dismiss, Mohamed filed an opposition, but he did not address his failure to submit the necessary tax returns.

On January 17, 2014, Judge Teel held a hearing on Niklas' motion to dismiss. See Jan. 17, 2014 Hearing Audio File [Bankr. Ct. ECF No. 75]. Niklas and Mohamed were both present. Niklas took the stand and testified to the facts presented in her motion to dismiss as well as to the contents of a December 10, 2013 letter from the IRS to Mohamed stating that Mohamed had not

2

submitted 2011 and 2012 tax returns, a December 11, 2013 proof of claim from the IRS stating that Mohamed had failed to file 2011 and 2012 tax returns, and a January 8, 2014 fax from the IRS reiterating that it still had not received Mohamed's 2011 and 2012 tax returns.[1] Judge Teel asked Mohamed if he had any evidence to offer regarding his tax returns. Douglas, who was also present at this hearing, attempted to speak on Mohamed's behalf. Judge Teel informed Douglas that she could not be heard on Mohamed's behalf because she did not have standing and was not an attorney licensed to represent Mohamed, but he allowed Mohamed to put Douglas on the stand and to ask her questions. While on the stand, Douglas stated that she submitted Mohamed's 2011 and 2012 returns "awhile" ago, but did not give a specific date.

After hearing from the parties, Judge Teel concluded that Mohamed had appeared at a meeting of creditors, that Mohamed was required to submit his income tax returns for the past four years prior to that meeting, that Mohamed did not dispute that he was required to file these tax returns, and that Mohamed still had not filed the required tax returns according to the IRS's proof of claim. Judge Teel held that, in these circumstances, the court was obligated to dismiss the case.[2] Judge Teel subsequently entered a paper order of dismissal with prejudice. Jan. 19, 2014 Order [Bankr. Ct. ECF No. 67]. Douglas filed a notice of appeal on January 31, 2014. See Notice of Appeal [Bankr. Ct. ECF No. 81].

**STANDARD OF REVIEW**

"If dissatisfied with the Bankruptcy Court's ultimate decision, [a party] can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving[.]'" Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) (quoting 28 U.S.C. § 158(a)); see also 28 U.S.C.

---

[1] Niklas also testified that portions of Mohamed's schedules were illegible and that certain creditors were missing from them.

[2] Judge Teel also noted that Mohamed failed to include certain debt on his schedule, that portions of his schedules were illegible, and that his Schedule J showed a negative monthly income, raising a serious doubt about whether he had the ability to carry out a bankruptcy plan.

3

§ 158(a)(1) (conferring jurisdiction on federal district courts "to hear appeals . . . from final judgments, orders, and decrees" of bankruptcy courts). A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." In re WPG, Inc., 282 B.R. 66, 68 (D.D.C. 2002) (citing Fed. R. Bankr. P. 8013).

A bankruptcy court's findings of fact, whether based on oral or documentary evidence, are reviewed for clear error, while its conclusions of law are reviewed de novo. Fed. R. Bankr. P. 8013; Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). "'A finding [of fact] is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" In re Johnson, 236 B.R. 510, 518 (D.D.C. 1999) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). "The burden of proof is on the party that seeks to reverse the Bankruptcy Court's holding. That party must show that the court's holding was clearly erroneous as to the assessment of the facts or erroneous in its interpretation of the law and not simply that another conclusion could have been reached." Id. (citing Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985)).

## DISCUSSION

This Court will grant Niklas' motion to dismiss for three simple reasons—each of which, independently, is sufficient cause to dismiss this appeal:

*First*, Douglas asserts that she is acting on behalf of Mohamed. As stated in this Court's earlier order, Douglas is not authorized to act on Mohamed's behalf. See Mar. 31, 2014 Order [ECF No. 9]. Douglas has not indicated that she is a member of the bar of this Court or any other. Although she may appear pro se to represent herself, she is not qualified to appear in the District Court as counsel for others. Georgiades v. Martin-Trigona, 729 F.2d 831, 834 (D.C. Cir.

1984).  And Mohamed does not have a right to be represented by a person not admitted to the bar.  Id. at 834 n.7; see also 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added).  Accordingly, Douglas' appeal on behalf of Mohamed must be dismissed.

*Second*, Douglas has failed to timely submit a brief in support of her appeal or respond to Niklas' motion to dismiss.  Pursuant to Federal Rule of Bankruptcy Procedure 8009, an appellant is required to submit a brief within fourteen days after entry of appeal.  By minute order, this Court granted Douglas's request for an extension until April 2, 2014.  It is now three weeks past that deadline, and Douglas has failed to file a brief in support of her appeal.  Her failure to timely file her brief is cause for dismissal.  See, e.g., In re AOV Indus., Inc., 798 F.2d 491, 494 (D.C. Cir. 1986) (affirming district court's dismissal of bankruptcy appeal due to appellant's failure to timely file a brief in support of the appeal or a response to a motion to dismiss).  Douglas has also failed to respond to Niklas' motion to dismiss.  Pursuant to Local Rule 7(b), the Court may treat Niklas' motion to dismiss as conceded.  Hence, both the failure by Douglas to timely file a brief in support of her appeal and her failure to respond to Niklas' motion to dismiss are sufficient grounds to dismiss this appeal.

*Third*, the bankruptcy court properly dismissed Mohamed's bankruptcy petition.  At the hearing on Niklas' motion to dismiss, Judge Teel heard testimony from Niklas regarding the meeting of creditors at which Mohamed testified that he had failed to submit his 2011 tax returns, as well as testimony from Niklas regarding a December 10, 2013 letter from the IRS to Mohamed stating that Mohamed had not filed 2011 and 2012 tax returns, a December 11, 2013 proof of claim from the IRS stating that Mohamed had failed to file 2011 and 2012 tax returns,

and a January 8, 2014 fax from the IRS reiterating that it still had not received Mohamed's 2011 and 2012 tax returns. Judge Teel also heard testimony from Douglas that she submitted Mohamed's 2011 and 2012 returns, but Douglas did not say when she submitted these returns and did not testify that the submission was before the creditors' meeting. Mohamed was required to submit his tax returns for the past four years by not later than the day before the creditors' meeting. See 11 U.S.C. § 1308(a). Judge Teel found that Mohamed did not timely submit his tax forms and that the court was therefore required to dismiss his petition pursuant to 11 U.S.C. §§ 521(e)(2)(B) and 1307(e). Based on the record before him, and specifically the IRS's proof of claim, Judge Teel's determination that Mohamed had failed to timely submit the necessary tax returns is not clearly erroneous. See, e.g., In re Quezada, 2013 WL 6698728, at *3 (D.D.C. Dec. 20, 2013) (holding that debtor's failure to properly submit tax returns was sufficient cause for bankruptcy court to dismiss debtor's petition). Douglas has not put forward any argument or evidence to show that the bankruptcy court's assessment of the facts was clearly erroneous, and this Court finds that the record fully supports the conclusions that Judge Teel's findings were correct and that his interpretation of the relevant law was also correct.

## **CONCLUSION**

For the foregoing reasons, Niklas' motion to dismiss will be granted. A separate Order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: April 24, 2014

6